UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN LABRECHE,
    Plaintiff,

v.

RICHARD BROUILLETTE; 127
NORWOOD ASSOCIATES, LLC; 176
NARRAGANSETT ASSOCIATES,
LLC,
    Defendants.

C.A. No. 21-277-JJM-LDA

## ORDER

John Labreche alleges in his Amended Complaint (ECF No. 20) that he worked as a property manager for Richard Brouillette at 122 Norwood Avenue, Cranston, R.I. from 1990 – 2003; for 122 Norwood Associates, LLC at 122 Norwood Avenue, Cranston, R.I. from 2003 – 2020; and for Narragansett Associates, LLC at 176/178 Narragansett Avenue, Riverside, R.I. from 2005 – 2017. He alleges that his employers failed or refused to pay him for his work at the properties for all his compensable hours during many weeks. ECF No. 20 at 3, ¶¶11-12. He also alleges that Mr. Brouillette agreed that if Mr. Labreche became property manager of the Norwood Avenue property, that Mr. Brouillette would sell him that property at a reduced price. Id. at ¶¶14-15.

Mr. Labreche's Amended Complaint contains five counts: Count One violation of R.I.G.L. §28-14-19.2, the Rhode Island Payment of Wages Act ("RIPWA"); Count Two Breach of Contract; Count Three Unjust Enrichment; Count Four

Quantum Meruit; and Count Five – Imposition of Constructive Trust. Defendants move to dismiss: (1) in Count One, any wages owed before June 30, 2018 because of the three-year statute of limitations; (2) Counts Two, Three, and Four because the RIPWA is the sole statutory remedy for lost wages; and (3) Count 5 because a constructive trust is a remedy, not a cause of action. ECF No. 24.

The issues raised by the parties are very straightforward, so the Court summarily ORDERS as follows:

1. The Court dismisses Counts Three and Four because the RIPWA is the sole means for the recovery of wages owed. *Bisbano v. Strine Printing Co.*, 135 A.3d 1202, 1209 (R.I. 2016). The same holds true if a plaintiff tries to bring their request for wages as a claim for unjust enrichment or quantum meruit.

2. The Court limits Count One to claims for wages after June 30, 2018, because the RIPWA limits any claim to those "commenced within three (3) years after the cause of action accrued." R.I. Gen. Laws §28–14–19.2(g).

3. The Court limits Count Two to the claim for an alleged breach of contract stemming from the agreement with Mr. Brouillette to allow him to purchase the Norwood Avenue property at a lower price.

4. Because imposition of a constructive trust is a remedy, not a cause of action, the Court dismisses Count Five. However, Mr. Labreche may seek such a remedy for violating that promise under Count Two.

5. The Court denies as moot Defendants' Motion to Strike. ECF No. 26.

In summary, the Court DISMISSES Counts Three, Four, and Five; LIMITS Count One to wages earned from June 30, 2018 to the present; LIMITS Count Two to the claim for a breach of contract against Mr. Brouillette rooted in their agreement on the Norwood Avenue property; DISMISSES Defendant Narragansett Associates, LLC.; and DENIES as MOOT Defendants' Motion to Strike. ECF No. 26.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
Chief United States District Judge

August 17, 2022